UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CR-09 DRL-MGG |
| CHARLES HARTSELL, | |
| Defendant. | |

OPINION & ORDER

Charles Hartsell moved *pro se* for compassionate release or to serve the remainder of his sentence on home confinement. The government opposes the motion. The court denies his request for home confinement because the Bureau of Prisons has exclusive authority to determine the location where an inmate serves his custodial sentence, including whether transfer from a secure facility to home confinement is appropriate. *See* 18 U.S.C. § 3621(b); *Tapia v. United States*, 564 U.S. 319, 331 (2011); *McKune v. Lile*, 536 U.S. 24, 39 (2002) (plurality).

Compassionate release is governed by 18 U.S.C. § 3582(c)(1), which says the court generally "may not modify a term of imprisonment once it has been imposed" unless "extraordinary and compelling reasons warrant" a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The commentary of U.S.S.G. § 1B1.13 can provide guidance. *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *see also* U.S.S.G. § 1B1.13 app. n.1 (accounting for medical conditions, age, or family circumstances). Even then, release must satisfy the factors under 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Cochran*, 833 F. Appx. 5, 9 (7th Cir. 2020). The government concedes Mr. Hartsell exhausted his administrative remedies. *See United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).

The court sentenced Mr. Hartsell in April 2020 to 46 months for conspiracy to sell one or more firearms to a known drug user. He has been continuously detained since his arrest on April 8,

2019, so he has served nearly 24 months of his sentence. He is scheduled for release on July 10, 2022. He is 49 years old.

Mr. Hartsell says his immunocompromised state from HIV warrants compassionate release. The CDC lists individuals with an immunocompromised state from HIV as being potentially at an increased risk for severe illness from COVID-19, not at an actual increased risk.[1] The CDC recommends people with this condition continue taking proper medication and follow their current treatment plan, for which the BOP is equipped. Indeed, the CDC believes that people with HIV who are on effective HIV treatment have the same risk for COVID-19 as people who don't have HIV.[2] On this record, Mr. Hartsell has not presented an extraordinary or compelling reason for early release.

Mr. Hartsell also received the first dosage of the Moderna vaccine, and his second dose will occur soon. COVID-19 deaths have been tragically high, but the pandemic has trended downward for some time while the number of vaccinations trends upward. The number of cases has shifted recently, and only time will tell whether another surge begins. Still, almost a dozen vaccines have been approved around the globe, with about seventy more in the pipeline. At least three are in use in the United States. Rising inoculations precipitously mitigate any risk, particularly when Mr. Hartsell is one among them.

Mr. Hartsell isn't at a high-risk age.[3] He resides at FCI Allenwood Medium, where today there is only 1 inmate and 0 staff who are COVID-19 positive.[4] The BOP has been heroically undeterred in its efforts to combat this crisis and has implemented several contagion-prevention protocols for

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/hiv.html.

[3] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html.

[4] https://www.bop.gov/coronavirus/.

inmate and staff safety—evolving as the pandemic has evolved—and now it too is vaccinating inmates. At this facility, 348 staff members and 862 inmates are fully vaccinated. Nobody has died at FCI Allenwood from COVID-19. These real-time circumstances work against a finding of compelling or extraordinary reasons for early release. Mr. Hartsell tries to paint a different picture, but the court has cause to be wary of his representations, particularly when the facts belie his claims.

In addition, Mr. Hartsell hasn't presented any evidence that the BOP has inadequately cared for him or his medical condition. This isn't perceived just as an oversight. The court considered his condition at the time of sentencing and likewise found that his medical conditions weren't extraordinary, citing U.S.S.G. § 5H1.4, *see also* 18 U.S.C. § 3553(a)(5), and instead one that the BOP had the tools to address. It seems that expectation has been borne out. Mr. Hartsell's situation isn't extraordinary or compelling. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Mr. Hartsell says he should be released because his 74-year-old father is battling cancer and his 30-year-old daughter was diagnosed with chronic myeloid leukemia. Though the court sympathizes with his situation, the family circumstances category under U.S.S.G. § 1B1.13 app. n.1(C) doesn't apply here, nor does his situation give rise to non-guideline reasons for compassionate release as articulated in *Gunn*, 980 F.3d at 1180. Family circumstances may provide extraordinary and compelling reasons for "release when the defendant has a close family member who is completely unable to care for himself or herself and for whom the defendant would be the only available caregiver," but that isn't the case here. *United States v. Lisi*, 440 F. Supp.3d 246, 252 (S.D.N.Y. 2020).

Federal sentencing factors likewise militate against compassionate release. *See* 18 U.S.C. § 3553(a); *Cochran*, 833 F. Appx. at 9 (denying compassionate release for "a wheelchair-bound federal prisoner whose health ha[d] deteriorated over the years" when—in part—the § 3553(a) factors weighed against compassionate release). Mr. Hartsell conspired to sell a firearm to a known drug user. His offense married drugs and firearms, a dangerous combination. *See* 18 U.S.C. §§ 3553(a)(1),

(a)(2)(A). He is no stranger to the criminal justice system, having accumulated 17 criminal history points before being sentenced here, which remarkably underrepresents his actual criminal history. *See* 18 U.S.C. § 3553(a)(1); *see, e.g.*, *United States v. Cosby*, 746 F. Appx. 556, 560 (7th Cir. 2018); *United States v. Jackson*, 547 F.3d 786, 793 (7th Cir. 2008); *United States v. Melgar-Galvez*, 161 F.3d 1122, 1124 (7th Cir. 1998). In one fourteen-year span, Mr. Hartsell committed six burglaries classified as "violent felonies" under the Armed Career Criminal Act, not to mention seven other felonies targeting the vulnerable, charitable, and the government. 18 U.S.C. § 3553(a)(1). Mr. Hartsell's history is riddled with probation and supervised release revocations. Considering his habitual disrespect for the law, his risk of recidivism, and the need to deter future crime and to protect the public, only a sentence at the top of the recommended range was sufficient for Mr. Hartsell, though the court considered varying upward. *See* 18 U.S.C. §§ 3553(a)(2)(B), (a)(2)(C). Only incarceration has been an answer in the past and in the face of nearly 30 years of uncompromising relapse to crime. This is not a history that motivates early release. Instead, the guideline sentence, as announced, continues to hold sway as reasonable. *See also* 18 U.S.C. § 3553(a)(6). In short, the § 3553(a) factors weigh against compassionate release here.

Considering the § 3553(a) factors, the COVID-19 precautions the BOP is taking, and the BOP's ability to care for this inmate and his medical condition, and given the absence of compelling and extraordinary reasons for early release, the court DENIES Mr. Hartsell's motion for compassionate release (ECF 35).

SO ORDERED.

March 30, 2021                                    *s/ Damon R. Leichty*
                                                                   Judge, United States District Court

4